RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  1 / 18 / 13
       JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CURTIS R. TRIGGS | DOCKET NO. 1:12-CV-589; SEC. P |
| VERSUS | JUDGE DRELL |
| DR. CASEY MCVEA, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Curtis Triggs filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is incarcerated at the Avoyelles Correctional Center (AVC) in Cottonport, Louisiana. He complains that he was denied adequate medical care by named defendants: Dr. Casey McVea, Jeannifer Stickells, Sandra Sibley, Dr. David Vajnar, and Warden Gary Gremillion. Plaintiff supplemented his complaint in accordance with an order from this Court.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff claims that he arrived at AVC on November 3, 2008, and was evaluated by medical staff for high blood pressure, poor blood circulation in both legs, a mental health condition, and Hepatitis-C. At his previous institution, Elayn Hunt Correctional Center (EHCC), Plaintiff had a restricted duty status, providing that Plaintiff could not walk more than 1000 feet and could not stand for long periods of time. [Doc. #1, p.5] Plaintiff's medical

evaluation at AVC was conducted by Dr. Vajnar. Vajnar took the duty status from EHCC and gave Plaintiff an "LDI" duty status with no restrictions.

Plaintiff complains that Dr. Vajnar ignored his mental health issues; however, Plaintiff states that Dr. Vajnar prescribed "mental health medication", which Plaintiff believed "was not agreeing with his hepatitis-C condition." [Doc. #1, p.6] Plaintiff made a sick call and informed the doctor that the mental health medication was affecting his body, and he was still experiencing pain in his legs. Dr. Vajnar became upset with Plaintiff for refusing to take his mental health medication. Dr. Vajnar took Plaintiff's "LDI" status and changed it to "regular duty status, farm line". [Doc. #1, p.6] Plaintiff worked in the farm line and continued to complain of pain in both legs.

Two years later, Plaintiff was examined by Dr. McVea, who ordered lab work regarding the blood circulation in Plaintiff's legs. [Doc. #1, p.7] Plaintiff was referred to the hospital in Alexandria for further diagnosis. The doctor recommended further testing. Dr. McVea ordered an ultrasound, which was scheduled for February 5, 2011. The test confirmed that there was very little blood circulation in Plaintiff's legs, especially the left leg. The doctor who reviewed the ultrasound said that he would instruct AVC to schedule a CT scan. The doctor informed the prison medical staff that the poor blood circulation posed a serious risk to

Plaintiff. [Doc. #11, p.3]

Plaintiff complains that Dr. McVea failed properly treat his medical conditions and did not so much as order the stockings that are normally prescribed for patients with poor leg circulation. This resulted in "multiple blockage" in both of Plaintiff's legs. [Doc. #11, p.3]

### *Law and Analysis*

To state a claim under §1983 for the denial of adequate medical care, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). Even if care is inadequate, it is clear that not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." See id. at 106. A plaintiff must prove "objectively that he was exposed to a **substantial risk of serious harm**," and that "jail officials acted or failed to act with **deliberate indifference** to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), *quoting* Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

"[T]he plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a

3

wanton disregard for any serious medical needs." Id. (internal quotation marks and citation omitted). Negligence, neglect, or medical malpractice do not constitute deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Even "gross negligence" does not establish deliberate indifference. Hernandez v. Tex. Dep't of Prot. and Reg. Servs., 380 F.3d 872, 882 (5th Cir. 2004).

1. Dr. Vajnar

Plaintiff's claims against Dr. Vajnar date back to 2008. He complains that Dr. Vajnar took his "no duty" status from EHCC, gave Plaintiff a "LDI" duty status with no restrictions, and ultimately gave him a "regular duty status", which required Plaintiff to work in the farm line. Plaintiff also complains about the mental health medication that Dr. Vajnar ordered, as Plaintiff believed the medication was interfering with his Hepatitis-C condition. First, Plaintiff presents no claims from 2008-2010, and even the allegations from 2010 through the present do not involve Dr. Vajnar. Thus, Plaintiff's only complaints against Dr. Vajnar are from the year 2008.

There is no federal statute of limitations. Accordingly, the forum state's statute of limitations for general personal injuries is used in §1983 claims. Lopez-Vences v. Payne, 74 Fed. Appx. 398 (5th Cir. 2003). In Louisiana, that limitations period is one year. However, federal law is used to determine when a cause of

action accrues. Id. "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." Vigman v. Community National Bank and Trust Co., 635 F.2d 455, 459 (5th Cir. 1981). Plaintiff's medical care claim against Dr. Vajnar accrued when Plaintiff believed he had been denied medical care in 2008.

Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. §1983. See Rotella v. Pederson, 144 F.3d 892, 897 (5th Cir. 1998). Thus, Plaintiff is entitled to equitable tolling for the time spent exhausting the DOC's administrative remedies regarding his claim. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002). According to Plaintiff's complaint, he filed an administrative remedy in 2010. Although this coincides with Plaintiff's claims against Dr. McVea, even if Plaintiff included complaints regarding Dr. Vajnar in the grievance, the one year statute of limitations had expired. Thus, Plaintiff's claims against Dr. Vajnar are prescribed and should be dismissed.

Even if the claims against Dr. Vajnar were timely, dismissal would still be recommended. Plaintiff clearly disagrees with the treatment plan by Dr. Vajnar and with the mental health medication prescribed. He disagrees with Dr. Vajnar changing the treatment prescribed by the physician at Plaintiff's prior facility. However, a mere disagreement with a course of medical treatment,

does not state a claim under the Eighth Amendment. See <u>Norton v. Dimazana</u>, 122 F.3d 286, 292 (5th Cir. 1997), *citing* <u>Young v. Gray</u>, 560 F.2d 201, 201 (5th Cir. 1977); <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985).

2. Dr. McVea

Plaintiff alleges that he began complaining to Dr. McVea of leg pain in 2010. He claims that Dr. McVea knew of, and chose to disregard, Plaintiff's serious medical needs. However, Plaintiff states that Dr. McVea ordered an ultrasound, which was performed in February 2011. After the ultrasound, the hospital physician recommended a CT scan of Plaintiff's legs, and Plaintiff states that Dr. McVea instructed AVC that Plaintiff needed a CT scan. Plaintiff claims that the condition progressed from poor circulation to multiple blockages in both legs. Plaintiff does not allege deliberate indifference by Dr. McVea. Instead, he admits that he has made *over forty* sick calls, and that Dr. McVea has ordered diagnostic testing. Although the tests might not be performed in the time frame that Plaintiff has in mind, this does not state a claim for deliberate indifference. See <u>Norton v. Dimazana</u>, 122 F.3d at 292.

3. Jennifer Stickells, Sandra Sibley, Garry Gremillion

Plaintiff alleges that Defendants Stickells, Sibley, and Gremillion are aware of Plaintiff's serious medical needs, but refuse to act through the administrative remedy process. Plaintiff

has not alleged that the nurse or nurse practitioner have refused to treat him or deliberately ignored his complaints. He does not allege that they refused to see him or that they refused to pass along information to Dr. McVea. Despite the opportunity to supplement and amend, Plaintiff still does not allege what more he believes the *nurse and nurse practitioner* could have done to treat his condition or how they acted with deliberate indifference.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B) and 1915A.

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.** Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. **Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS,**

**CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 18th day of January, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE